NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—December, 1887.

MATTER OF PAINE.

*In the matter of the application for probate of a pa-
per propounded as the will of* JAMES H. PAINE,
*deceased.*

The nature of the issues to be determined in a Surrogate's court, upon an
application for probate of a lost or destroyed will—declared.

PETITION, under Code Civ. Pro., § 1865, for pro-
bate of a will of decedent, alleged to have been lost
or destroyed.

CHAS. J. BABBITT, *for proponents.*

THEO. H. SWIFT, *for contestants.*

THE SURROGATE.—The petitioner herein seeks the
probate of an instrument which is claimed to have
been executed by this decedent as his last will and
testament.   No instrument answering to that descrip-
tion has been produced before the Surrogate, and the
evidence shows that no such instrument has been
seen since decedent's death.

The Surrogate's authority under these circum-
stances, to admit a will to probate, rests upon the provis-
ions of § 2621 of the Code of Civil Procedure, and,
according to the limitations of that section, can only
be exercised where a judgment establishing the will
could be rendered by the Supreme Court.   Section
1865 of the Code forbids the entry of a judgment

establishing a lost or destroyed will, "unless the will was in existence at the time of the testator's death, or was fraudulently destroyed in his lifetime, and its provisions are clearly and distinctly proved by at least two credible witnesses, a correct copy or draft being equivalent to one witness." The several issues to be here determined are, therefore:

1. Did this decedent, on August 15th, 1885, execute, in compliance with the requirements of law, a written instrument as and for his last will and testament?

2. If he did so execute such instrument, did he, at the time of such execution, possess the testamentary capacity requisite for making a valid will?

3. If he did so execute such instrument, was he induced so to do by undue influence or fraud?

4. If such instrument was so executed, have its provisions been clearly and distinctly proved, as required by section 1865 of the Code of Civil Procedure?

5. If such instrument was so executed, was it in existence at the time of this decedent's death?

6. If such instrument so executed was not in existence at the time of this decedent's death, had it been fraudulently destroyed in his lifetime?

The issues above specified have been the subject of a long and interesting controversy before the Surrogate. They have involved the consideration of a large mass of testimony, and of important and difficult legal questions. When the cause was submitted for determination, it was my purpose, to accompany my formal decision of this controversy with a full statement of the reasons by which such decision should

be supported. In giving such attention as has been necessary to the volume of business which has been crowded into the last month of my official term, I have been deprived of the opportunity of explaining the grounds upon which rest the following findings: I find as matters of fact:

1. That James H. Paine, died at the city of New York on December 23, 1885.

2. That on August 15, 1885, he executed, in full compliance with the requirements of law, a paper purporting to be his last will and testament.

3. That the provisions of the paper so executed have been clearly and distinctly proved to be, in substance and effect, in the words following:

"I James H Paine of the city of New York, and State of New York, being of sound mind and memory, and of the age of sixty years and upwards, do make, publish and declare this to be my last will and testament, as follows: After the payment of my funeral expenses, and after payment of all my just debts and liabilities, I give, devise and bequeath all the rest and residue of my estate, of any and every kind whatsoever, to my friend John H. Wardwell of the city of New York, to his use and the use of his heirs, forever; and I hereby appoint John H. Wardwell and Joseph Wardwell, both of the city of New York, executors of this my last will and testament."

4. That the paper, so executed by this decedent as his last will and testament was not in existence at the time of his death.

5. That the paper, so executed, was not fraudulently destroyed in the decedent's lifetime.

6. That the making and the executing of the paper so executed as aforesaid, were not induced by the fraud or undue influence of any person or persons whosoever.

7. That this decedent, at the time of the execution of the paper so executed did not possess the testamentary capacity requisite for making a valid and effectual will.

I find, as a conclusion of law, that the instrument, so executed as aforesaid, is not entitled to probate, and that the petition for its probate must, therefore, be denied.